Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3972 | **DATE** | 11/15/2000 |
| **CASE TITLE** | IGT Reprotest vs. Testprint BV | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Testprint's motion for its dismissal from this action is granted. (14-2) Its motion to quash service of process, although it appears to have equal merit, need not be decided because it is rendered moot by that dismissal. (14-1) This action will proceed against the Netherlands corporation, Testprint BV, alone. Testprint Inc. is dismissed as a party to this action.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | NOV 1 6 2000 | |
| | Notified counsel by telephone. | date docketed | 22 |
| | Docketing to mail notices. | 15 | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 11/15/2000 | |
| SN | courtroom deputy's initials | ED-7 FILED FOR DOCKETING 00 NOV 15 PM 2:33 date mailed notice SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IGT REPROTEST BV, et al.,             )
                                       )
                 Plaintiffs,           )
                                       )
     v.                                )    No.  00 C 3972
                                       )
TESTPRINT BV, et al.,                  )
                                       )
                 Defendants.           )

## MEMORANDUM OPINION AND ORDER

Testprint, Inc. ("Testprint"), one of the two defendants targeted in this action by coplaintiffs IGT Reprotest BV and IGT Reprotest, Inc. (collectively "IGT"), has filed a motion to quash service of process or to be dismissed for lack of personal jurisdiction. With the filing of IGT's memorandum in opposition and then Testprint's Reply Memorandum, the motion is fully briefed and ripe for disposition. For the reasons briefly stated in this memorandum opinion and order, the dismissal motion is granted (thus mooting the motion to quash service).

Testprint's Reply Memorandum provides chapter and verse as to the barrenness of IGT's effort to draw Testprint into this litigation by referring to conduct that is ascribable to Testprint's codefendant Testprint BV (a Netherlands corporation) and to that codefendant alone. This Court has examined each side's factual and legal assertions, and it finds Testprint to have demonstrated conclusively that none of the gossamer threads by which IGT's counsel seeks to tie Testprint to an Illinois

forum has any strength at all. There is no need to echo Testprint's presentation and analysis as set out in that Reply Memorandum--although this Court almost never adopts a litigant's presentation as its own, this is the rare exception that proves the rule: Testprint is correct in every respect, from the nature of IGT's burden of proof to the absence of any viable basis for haling Testprint into this forum.

Indeed, the situation here runs even more powerfully in Testprint's favor than that described in <u>Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.</u>, No. 00-1502, 2000 WL 1533144, at *7-*9 (7th Cir. Oct. 18). There our Court of Appeals rejected the assertion of personal jurisdiction over a corporation on the basis of activity that was really conducted by and chargeable to a close corporate affiliate rather than to the targeted defendant (in <u>Reimer</u> the corporate affiliate was a subsidiary of the putative defendant, while here Testprint and the Netherlands corporation are at most sister corporations). Nor of course is <u>Reimer</u> alone in taking that stance, for it cites a substantial number of earlier cases to the same effect.

Accordingly, as stated at the outset of this opinion, Testprint's motion for its dismissal from this action is granted. Its motion to quash service of process, although it appears to have equal merit, need not be decided because it is rendered moot

by that dismissal.  This action will proceed against the Netherlands corporation, Testprint BV, alone.

_____
Milton I. Shadur
Senior United States District Judge

Date:   November 15, 2000